| %JS 44 (Rev. 11/04) | CIVIL COVER SHEET | APPENDIX H |
|---|---|---|

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
David B. Hadley
112 Eton Drive, Pittsburgh, PA 15215

**(b)** County of Residence of First Listed Plaintiff  __Allegheny__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Ph: 215-661-0400
Ethan R. O'Shea, Esquire
Hamburg Rubin, 375 Morris Rd., Lansdale PA 19446

**DEFENDANTS**
PFIZER, INC.
235 E. 42nd Street, New York, NY  10017

County of Residence of First Listed Defendant  __New York__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12101; 29 USC 621; 43 PS 951
Brief description of cause:
Plaintiff seeking damages pursuant to the Americans with Disabilities Act.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   N/A   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  March 26, 2008
SIGNATURE OF ATTORNEY OF RECORD
_signature_ for Ethan R. O'Shea, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

DAVID HADLEY                                         :         CIVIL ACTION
                                                     :
                        v.                           :
                                                     :
PFIZER, INC.                                         :
                                                     :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                 ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                             (x)

| March 26, 2008 | ETHAN R. O'SHEA, ESQ. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-661-0400 | 215-661-0315 | eoshea@hrmml.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: David Hadley, 112 Eton Drive, Pittsburgh, PA 15215

Address of Defendant: Pfizer, Inc., 235 E. 42nd Street, New York, NY 10017-5755

Place of Accident, Incident or Transaction: Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒
RELATED CASE, IF ANY: N/A

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ADA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Ethan R. OShea, Esq., counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 26, 2008    _____ Ethan R. O'Shea, Esq.    69713
                         Attorney-at-Law                         Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 26, 2008    _____ Ethan R. O'Shea, Esq.    69713
                         Attorney-at-Law                         Attorney I.D.#

CIV. 609 (4/03)

APPENDIX N

## SUMMONS IN A CIVIL ACTION

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA ||
|---|---|
| DAVID B. HADLEY<br>112 ETON DRIVE, PITTSBURGH, PA   15215<br><br>  v.<br>PFIZER, INC.<br>235 E. 42nd Street, NEW YORK, NY   10017-5755 | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br>PFIZER, INC.<br>235 E. 42nd STREET<br>NEW YORK, NY   10017-5755 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
  ETHAN R. O'SHEA, ESQUIRE
  HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN
  375 MORRIS ROAD, PO BOX 1479
  LANSDALE, PA   19446

an answer to the complaint which is herewith served upon you, within          days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

22654-001

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. HADLEY<br>112 Eton Drive<br>Pittsburgh, PA 15215<br>　　　　　Plaintiff | :<br>:<br>:<br>:<br>: | CIVIL ACTION |
| v. | :<br>: | |
| PFIZER, INC.<br>235 East 42nd Street<br>New York, NY 10017-5755<br>　　　　　Defendant | :<br>:<br>:<br>: | JURY TRIAL DEMANDED |

## **COMPLAINT**

### THE PARTIES

1. Plaintiff, David B. Hadley, is an adult individual residing at 112 Eton Drive, Pittsburgh, PA 15215.

2. Defendant, Pfizer, Inc., is a New York corporation with its principle place of business at 235 East 42nd Street, New York, NY 10017-5755.

### JURISDICTION AND VENUE

3. This is a civil action seeking judgment, relief, and/or damages brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., as amended; the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §621 et seq.; and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 et seq. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(4), 29 U.S.C. §626 and pendant jurisdiction over Plaintiff's state law claims.

4. Venue is proper because Defendant conducts business within the Commonwealth of Pennsylvania, and Defendant's unlawful acts and practices were committed within or upon direction of Defendant's agents within the Commonwealth of Pennsylvania.

## FACTS

5. On or about August 12, 1991 Mr. Hadley was hired as a Professional Sale Representative by Pfizer, Inc.

6. In or around December 1997, Mr. Hadley became a Specialty Sales Representative for what is currently known as the Philadelphia District of the Mid-Atlantic Region of Pfizer.

7. As a sales representative, Mr. Hadley was required to perform the following job functions: lifting boxes of up to 25 pounds; carrying boxes long distances; loading and unloading boxes into his car; driving between 700 and 1,000 miles per week; walking long distances; frequently bending, kneeling, and twisting his body.

8. Mr. Hadley received numerous performance reviews and awards indicating that he was a superior employee and exceeded expectations.

9. In early 2004, Mr. Hadley was diagnosed with an arthritic condition called Primary Generalized Osteoarthritis, also known as Kellgren's Syndrome.

10. Kellgren's Syndrome is a degenerative musculoskeletal condition affecting Mr. Hadley's joints in his hips, lower back, right knee, left shoulder, and left elbow.

11. Mr. Hadley's condition limits him to lifting no more than 10 pounds, walking no longer than one-quarter mile, and using only vans as a form of transportation.

12. Mr. Hadley is required to use a cane when he walks and has limited use of his left arm.

13. As a direct result of his condition, Mr. Hadley was limited in performing the following functions required by his job: driving for long periods of time, carrying boxes over 10 pounds, working outdoors in cold weather, walking outdoors when snow and ice is present.

14. As a result his condition, Mr. Hadley's physician placed on him the following limitations: bending, kneeling, lifting more than 10 pounds, walking excessively, and standing more than 10 minutes.

15. In December 2005, Mr. Hadley underwent surgery for his condition.

16. In December 2005, Mr. Hadley was placed on short term disability.

17. In February 2006, Mr. Hadley's physicians advised Pfizer that he was no longer able to perform the essential functions of his job and that he needed to be placed in a desk job.

18. Mr. Hadley expressed to Pfizer that he wanted to return to work in February 2006 with a reasonable accommodation.

19. In response to Mr. Hadley's request for a reasonable accommodation in February 2006, Pfizer extended his short term disability until June 13, 2006.

20. In June 2006, Mr. Hadley was placed on long term disability.

21. Throughout 2006, Mr. Hadley contacted numerous Pfizer managers in an attempt to secure a position within the company which did not require the physical exertion of his sales position. Pfizer made no other efforts to find a position for Mr. Hadley other than informing him that he could apply for other open positions.

22. Plaintiff filed a timely charge of discrimination with the EEOC alleging that Defendant discriminated against him because of his disability and/or his age. More than 60 days

have elapsed since the filing of said charge, the EEOC has since issued Plaintiff a right to sue letter and this cause of action is timely filed.

### COUNT ONE

### VIOLATION OF ADA

23. The allegations contained in paragraphs 1 through 22 above are incorporated herein by reference as fully as though set forth herein.

24. Mr. Hadley has suffered and is currently suffering from a physical limitation which prohibits him from performing his duties as a sales representative for Pfizer, and is disabled as defined by the ADA.

25. For 16 years, Mr. Hadley performed his job at a high level of competency and exceeded expectations for his position.

26. On numerous occasions, Mr. Hadley requested that Pfizer provide him with a less physically demanding job, and remove him from long-term disability. Pfizer failed to reasonably accommodate Mr. Hadley's disability and violated the ADA.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant in an amount in excess of $150,000, including compensatory and punitive damages, attorney's fees, costs and injunctive relief.

### COUNT II

### VIOLATION OF ADEA

27. The allegations contained in paragraphs 1 through 26 above are incorporated herein by reference as fully as though set forth herein.

28. At all times relevant herein, Defendant was engaged in the business of pharmaceutical manufacturing and sales, was engaged in an industry affecting commerce, and had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

29. Defendant is an employer under the ADEA and PHRA.

30. Plaintiff's date of birth is October 11, 1962.

31. Despite Plaintiff's repeated requests to resume full time work with Defendant, Plaintiff was eventually removed from long term disability and terminated as an employee in or around August, 2007

32. It is believed and therefore averred that Defendant gave Plaintiff's former job duties and responsibilities to a person or persons substantially younger than Plaintiff.

33. Plaintiff's age was a determining factor in Defendant's decision to place Plaintiff on long term disability, and in Defendant's refusal to remove Defendant from long term disability and eventually terminate his employment.

34. Defendant's actions were willful violations of the ADEA.

35. Defendant's actions have caused Plaintiff to suffer economic damages from loss of employment including loss of pay and benefits.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant in an amount in excess of $150,000, including compensatory damages, back pay, liquidated damages, front pay, attorneys fees and costs.

## COUNT III

## VIOLATION OF PHRA

36. The allegations contained in paragraphs 1 through 35 above are incorporated

herein by reference as fully as though set forth herein.

37. Defendant's actions stated herein violated the PHRA.

38. In addition to the injuries described above, Plaintiff suffered embarrassment, humiliation, emotional distress and mental anguish.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant in an amount in excess of $150,000, including compensatory damages, back pay, liquidated damages, front pay, attorneys fees and costs.

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

DATE: 3.26.08

BY: _____
ETHAN R. O'SHEA, ESQUIRE
Attorney for Plaintiff
HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN
375 Morris Road, PO Box 1479
Lansdale, PA  19446
Ph: 215-661-0400
ID# 69713

{00130999;v1}                                         6