IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. HADLEY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-1440 |
| | : | |
| PFIZER INC. | : | |

MEMORANDUM AND ORDER

Kauffman, J.                                                                                      December 16  , 2008

      Plaintiff David B. Hadley ("Plaintiff") brings this action alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. (Count I); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. (Count II); and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, et seq. (Cout III).  Now before the Court is Defendant Pfizer Inc.'s Motion to dismiss the age discrimination claims asserted in Counts II and III of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).[1]  For the reasons that follow, the Motion will be granted.

I.     BACKGROUND

      The relevant facts, as alleged in the Complaint, are as follows: Plaintiff was born on October 11, 1962.  Compl. ¶ 30.  On August 12, 1991, Defendant hired Plaintiff as a professional sales representative, and subsequently, a specialty sales representative.  Id. ¶¶ 5-6.  As a sales representative, Plaintiff was required to perform several physical tasks including lifting, carrying, loading, unloading, driving, walking, bending, kneeling, and twisting.  Id. ¶ 7.  During his tenure

---

[1] Plaintiff's disability claims are not at issue in the present Motion.

as a sales representative, Plaintiff received numerous positive performance reviews and awards. See id. ¶ 8. In early 2004, Plaintiff was diagnosed with an arthritic condition called Primary Generalized Osteoarthritis (also known as Kellgren's Syndrome), which limited his ability to stand, lift, walk, drive, and work in cold conditions. Id. ¶¶ 9-14. In December 2005, Plaintiff underwent surgery and was placed on short-term disability. Id. ¶¶ 15-16. In February 2006, Plaintiff expressed to Defendant that he wished to return to work with a reasonable accommodation; however, Plaintiff's physician told Defendant that Plaintiff was no longer able to perform the essential functions of his job and that he needed to be placed in a desk job if he returned. Id. ¶¶ 17-18. In response, Defendant extended Plaintiff's short term disability until June 2006, and subsequently placed him on long-term disability. Id. ¶¶ 19-20. Throughout 2006, Plaintiff attempted to secure a position within Pfizer that could accommodate his disability. Id. ¶ 21. In August 2007, Plaintiff was removed from long-term disability and terminated.[2] Id. ¶ 31. Plaintiff alleges that Defendant gave his former job duties and responsibilities to a substantially younger person or persons. Id. ¶ 32.

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its

---

[2]    At the time of Plaintiff's termination, he was approximately 44 years old.

attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A Rule 12(b)(6) motion will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965.

### III. DISCUSSION

Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff may establish age discrimination under the ADEA by offering either direct or circumstantial evidence. See Fakete v. Aetna, Inc., 308 F.3d 335, 337-38 (3d Cir. 2002). To state a claim for age discrimination based on circumstantial evidence, a plaintiff must allege that (1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination. See Hill v. Borough of Kutztown, 455 F.3d 225, 247 (3d Cir. 2006) (citing Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 370 (3d Cir. 2004)). "The same legal standard applies to a claim under the PHRA as applies to an ADEA claim." Id. (citing Kautz v. Met-Pro Corp., 412 F.3d 463, 466 n.1 (3d Cir. 2005)).

Citing Pina v. Henkel Corp., 2008 U.S. Dist. LEXIS 24292 (E.D. Pa. Mar. 26, 2008), Defendant argues that Plaintiff's ADEA and PHRA age discrimination claims do not meet the

requisite pleading standards under Federal Rule of Civil Procedure 8(a) and <u>Twombly</u>, and therefore should be dismissed pursuant to Rule 12(b)(6). In <u>Pina</u>, Judge Padova found that the plaintiff's "conclusory allegation" that his employer fired him due to his age was insufficient to state a claim under <u>Twombly</u>'s refined pleading standard. <u>Id.</u> at *14-16.

The Third Circuit recently has addressed the <u>Twombly</u> decision's impact on pleading standards. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224 (3d Cir. 2008). The Court found that <u>Twombly</u> reaffirmed that Rule 8(a) "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" and that this standard does not require 'detailed factual allegations.'" <u>Id.</u> at 231 (citing <u>Twombly</u>, 127 S. Ct. at 1964). It further explained that "[c]ontext matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case—some complaints will require at least some factual allegations to make out a 'showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Id.</u> at 233 (citing <u>Twombly</u>, 127 S. Ct. at 1965).

Unlike the plaintiff in <u>Pina</u>, Plaintiff does allege that the individual or individuals who replaced him were substantially younger. <u>See</u> Compl. ¶ 32. Thus, Plaintiff has placed Defendant on sufficiently "fair notice of what the . . . claim is and the grounds upon which it rests" as required by <u>Twombly</u>. Plaintiff, however, has not sufficiently pled the second element of his age discrimination claim. Although he alleges that he was at one time qualified to be a sales representative, <u>id.</u> ¶ 8, after being diagnosed with Kellgren's Syndrome, he was no longer able to perform the essential functions of his job. <u>Id.</u> ¶¶ 9, 17. According to Plaintiff's doctor, Plaintiff

4

was unable to perform the essential elements of the job of sales representative at the time of his termination. Accordingly, the Court cannot find that Plaintiff has pled that he is qualified for his former job. See Berquist v. Wash. Mut. Bank, 500 F.3d 344, 350 (5th Cir. 2007) ("[A] plaintiff challenging his termination or demotion . . . can ordinarily establish a prima facie case of age discrimination by showing that he continued to possess the necessary qualifications for his job at the time of the adverse action . . . . By this we mean that plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired.") (citations omitted).

Because Plaintiff has not alleged that at the time of his termination he was qualified for his former job, he has failed to state a claim for age discrimination under the ADEA and PHRA. Given Plaintiff's request for leave to amend the pleadings in order to supplement any factual deficiencies, the Court will grant him leave to amend this claim if he can responsibly do so. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Phillips, 515 F.3d at 245 ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.").

IV.   **CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Dismiss will be granted, and the age discrimination claims set fourth in Counts II and III of the Complaint will be dismissed without prejudice. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID B. HADLEY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 08-1440 |
| | : | |
| **PFIZER INC.** | : | |

## ORDER

**AND NOW**, this 16th day of December, 2008, upon consideration of Defendant Pfizer Inc.'s Motion to Dismiss Count II and Partial Motion to Dismiss Count III (docket no. 7), and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**. Accordingly, the age discrimination claims set fourth in Counts II and III of the Complaint will be **DISMISSED WITHOUT PREJUDICE**.

BY THE COURT:


_S/ BRUCE W. KAUFFMAN____
**BRUCE W. KAUFFMAN**