IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DAVID B. HADLEY | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | NO. 08-1440 |
| | : | |
| PFIZER INC. | : | |

MEMORANDUM AND ORDER

Kauffman, J.                                                                                June 4 , 2009

      Plaintiff David B. Hadley ("Plaintiff") brings this action against his former employer, Defendant Pfizer, Inc. ("Defendant"), alleging that it failed to accommodate him pursuant to the Americans with Disabilities Act. Now before the Court is Defendant's motion to compel discovery, or, in the alternative, to extend the fact discovery period, and for sanctions (the "Motion"). For the reasons discussed below, the Motion will be granted in part and denied in part.

**I. BACKGROUND**

      At issue is a discovery dispute regarding the disclosure of the names of certain witnesses. In its December 4, 2008 Scheduling Order, the Court provided that fact discovery shall be completed by March 13, 2009, and that the case will be placed in the Court's trial pool on June 17, 2009. During discovery, both parties served initial disclosures and responded to multiple discovery requests, including requests by Defendant for the identity of medical providers, individuals with relevant information, and individuals who will be called as witnesses. Def. Mot. 2. Plaintiff's initial disclosures listed twelve individuals with discoverable information, and

identified an insurance policy held by Plaintiff with CIGNA Insurance Company ("CIGNA"). See Plaintiff's Initial Disclosures, attached to Def. Mem. at Ex. A.  In his responses to interrogatories, Plaintiff further disclosed the identities of five doctors or other medical providers that had treated him or had been consulted since January 2004.  See Plaintiff's Answers to Pfizer Inc.'s First Set of Interrogatories to Plaintiff ("Plaintiff's Interrogatories Responses"), attached to Def. Mem. at Ex. B.  Plaintiff objected to Defendant's interrogatory request for a trial witness list, but reserved the right to supplement his response at a later date.  See id.  Plaintiff also refused to identify any potential expert witness that might testify at trial.  See id.

During the discovery period, Defendant received various documents from Plaintiff, as well as documents from various subpoenaed third parties, including CIGNA; Dr. Colleen Matjicka, MD ("Matjicka"); Orthopedic Consultants, LTD; and the Social Security Administration.  See Pl. Resp. Ex. A-C.  Among the documents Defendant received from CIGNA was a two-page record of a medical exam of Plaintiff by Dr. Eswar Krishnan ("Krishnan").  See Krishnan Medical Record, attached to Pl. Resp. at Ex. C.  Defendant subsequently deposed Plaintiff on February 10, 2009, and referenced the two-page Krishnan Medical Record  See Pl. Dep., attached to Def. Reply at Ex. A, at 237-238.  Plaintiff explained that Dr. Krishnan was his doctor for "a short period," and that he did not know whether he expressed any opinion other than his initial assessment: "I do not think he will be able to work a 40-hour job as he was doing with Pfizer as a sales representative."  Id.

On March 13, the last day of discovery, at 3:30 p.m., Plaintiff forwarded an e-mail to Defendant, asserting that he has "not retained a medical expert specifically for trial, but rather reserve[s] the right to call his treating physicians to offer evidence of his medical condition and

limitations at trial. Those physicians include Dr. Eswar Krishnan, Dr. Paul Simonelli, and Dr. Colleen Matjicka. You already have the complete records of these physicians which shall serve in lieu of formal reports." See Letter from Ethan R. O'Shea to Darcy Walker Krause, March 13, 2009 ["Treating Physician Testimony Letter"], attached to Krause Decl. at Ex. A. On March 16, Defendant contacted Plaintiff seeking to depose the three potential trial witnesses. See Krause Decl. ¶ 8. On March 19, Plaintiff informed Defendant that he regarded the three doctors as fact witnesses, and objected to their proposed depositions as untimely. Id. ¶ 16.

Defendant now moves to compel limited discovery, pursuant to Fed. R. Civ. P. 37(a), or, in the alternative, to extend the fact discovery period, pursuant to Fed. R. Civ. P. 6(b). Specifically, Defendant requests that the Court (1) order an additional thirty-day fact discovery period for the limited purpose of allowing Defendant to seek Krishnan's complete medical records and to subpoena and conduct the depositions of the three doctors; and (2) order Plaintiff to provide a HIPAA release for the subpoena of Krishnan's medical records or to provide a complete set of Krishnan's medical records. Defendant also seeks attorneys' fees incurred in filing its motion pursuant to Fed. R. Civ. P. 37(a)(3)(A) and (a)(5)(A).

## II.  LEGAL STANDARD

"It is well established that the scope and conduct of discovery are within the sound discretion of the trial court." Borden Co. v. Sylk, 410 F.2d 843, 845 (3d Cir. 1969). Federal Rule of Civil Procedure 26(a)(1) provides, in part, that a "party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the

subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 37(a)(3)(A) provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(B) provides, in pertinent part: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Rule 37 motions to compel disclosure and discovery are controlled by Rule 26(b)(1), which sets forth the standard against which the inquiries are to be measured: Discovery is generally allowed if the information sought is "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

## III.  ANALYSIS

### A.  Motion to Compel

#### 1.  Supplemental Disclosure Timeliness

Defendant first argues that it is entitled to depose and receive documents from Plaintiff's three potential medical trial witnesses because his supplemental disclosure of their names on the last day of discovery was untimely. Plaintiff responds that his failure to disclose earlier was harmless because Defendant was aware of his treatment by the three doctors months before the discovery deadline[1]: Defendant had learned the witnesses' identities and had obtained their

---

[1] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was *substantially justified or is harmless*."

documents upon serving subpoenas on various third parties.  Furthermore, Plaintiff argues that Defendant questioned him regarding his treatment with these doctors during his deposition.

Among the many purposes of discovery is "to remove surprise from trial preparation, and allow the parties to evaluate and resolve their disputes."  Kane v. United Indep. Union Welfare Fund, 1997 U.S. Dist. LEXIS 14921, at *6 (E.D. Pa. Sept. 23, 1997).  Discovery "make[s] a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible."  United States v. Procter & Gamble, 356 U.S. 677, 682 (1958).  Consistent with this purpose, Rule 26 requires supplemental disclosures of witnesses with discoverable information:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e).

Defendant concedes that Plaintiff identified two of the doctors—Matjicka and Simonelli—as medical providers during the discovery period.  Defendant subsequently received copies of these doctors' medical files, as well as those of eight other medical providers, and deposed Plaintiff.  Pl. Answer ¶ 5.  Because Plaintiff specifically identified these medical providers, Defendant received copies of their medical files, had an opportunity to question

---

Fed. R. Civ. P. 37(c)(1) (emphasis added).

Plaintiff about his treatment by them, and had sufficient opportunity to depose them before the discovery deadline.[2] Accordingly, Plaintiff's failure to label these witnesses as individuals with discoverable or relevant information in a timely supplemental disclosure is harmless.

Plaintiff, however, never disclosed Krishnan's identity to Defendant. Defendant only learned of Krishnan's identity from its review of records that it had subpoenaed from CIGNA, a third party. Id. When asked about Krishnan's significance at his deposition, Plaintiff explained that Krishnan was his doctor for "a short period," and that he did not know whether Krishnan expressed any other opinion regarding Plaintiff other than the one listed on the two-page medical record obtained from CIGNA. See Pl. Dep. 237-238. Based on the representations Plaintiff made in his initial disclosures, interrogatories responses, and during his deposition, Defendant believed that Krishnan would not be a material witness with respect to Plaintiff's medical treatments and did not request his files. Def. Reply 3. Just as a party responding to discovery requests is entitled not to be subject to an expensive and intrusive fishing expedition, a party seeking discovery is entitled to trust that the responding party's representations during discovery are complete and made in good faith. Plaintiff failed to identify Krishnan as an individual with discoverable or relevant information until the last day of a six-month discovery period, which prevented Defendant from timely obtaining his files or deposing him. Accordingly, the discovery deadline will be extended on a limited basis for Defendant to subpoena Dr. Krishnan's complete medical files and to depose him.

### 2. Treating Physicians

---

[2] Plaintiff suggests that the subpoena of Orthopedic Consultants, LTD contained the discoverable documents of Dr. Paul Simonelli. See Pl. Answer ¶ 5. Defendant does not dispute this. See Def. Reply 3.

Defendant further argues that it is entitled to depose Plaintiff's three potential medical witnesses pursuant to Fed. R. Civ. P. 26(b)(4)(A) because they are more appropriately considered expert witnesses than fact witnesses. Plaintiff contends that treating physicians are not automatically expert witnesses, and because he intends to call them only as fact witnesses, Defendant is no longer entitled to depose them since the discovery period has expired.

The Federal Rules of Civil Procedure require a party to disclose the identity of an expert witness who may testify at trial. Fed. R. Civ. P. 26(a)(2)(A). In addition, parties have the right to depose an expert witness whose opinions may be presented at trial, pursuant to Rule 26(b)(4)(A). Expert witness testimony is governed by Rule 702 of the Federal Rules of Evidence. Conversely, fact witness testimony is governed by Rule 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Courts are divided on whether to consider treating physicians as fact witnesses or as experts. Several courts have held that treating physicians are always expert witnesses who must be disclosed under Rule 26(a)(2)(A). See, e.g., Redfoot v. B.F. Ascher & Co., 2007 U.S. Dist. LEXIS 40002, at *40 (N.D. Cal. Jun. 1, 2007) ("Treating physicians must be identified as expert witnesses pursuant to Rule 26(a)(2)(A)."); see also Lamere v. N.Y. State Office for the Aging, 223 F.R.D. 85, 88 (N.D.N.Y. 2004) ("[W]e can comfortably conclude that a treating physician's testimony is governed by Rule 702, rather than Rule 701."). Other courts, including district

7

courts in this Circuit, have held "that treating physicians so disclosed may testify as to facts within their knowledge, as opposed to offering expert testimony." Frederick v. Hanna, 2007 U.S. Dist. LEXIS 18626, at *19 (W.D. Pa. Mar. 16, 2007).

The Court agrees that a treating physician may testify as a fact witness at trial, pursuant to Rule 701, so long as the treating physician's testimony is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Therefore, because the three treating physicians will not testify as experts and will not offer expert opinion, Plaintiff is not precluded by the requirements of Fed. R. Civ. P. 26(a)(2)(A) and 26(b)(4)(A).

    B.    **Sanctions**

Fed. R. Civ. P. 37(a)(5)(A) provides that, if a motion to compel discovery is granted "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Although the Court finds that Plaintiff failed in part to supplement its disclosures in a timely manner, and volunteered to provide some of the requested documents only after Defendant had filed its initial motions, sanctions are not currently warranted because several of Plaintiff's defenses were meritorious, and Defendant did not succeed on each of its discovery claims. See Fed. R. Civ. P. 37(a)(5)(C).

**IV. CONCLUSION**

For the reasons discussed above, Defendant's Motion will be granted in part and denied in part. An appropriate Order follows.

9